In The United States District Court
Eastern District of Arkansas
Pine Bluff Division

Romie Grady #100730,
Zackey Perry #156241, et al
Plaintiffs

v.

Wendy Kelly, et al

Class action

Case No. 5:17cv272-JM-JJV

Defendants

1 of 227 exhibits

FILED U.S. DISTRICT COURT EASTERN DISTRICT ARKANSAS NOV 17 2017 JAMES W. McCORMACK, CLERK By: _____ DEP CLERK

5:17-cv-00273-JM-JJV

## 42 U.S.C §1983 Complaint

1. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action ___ Yes ✓ No

B. If you answer to A is yes, describe each lawsuits in the space below including the exact plaintiff name or alias.

1. Parties to this lawsuit
   Plaintiffs _____
   Defendants _____
2. Court (if federal court, name the district
3. Docket number:
4. Name of judge to whom case was assigned:
5. Disposition
6. Approximate date of filing lawsuit:
7. Approximate date of disposition

II. Place of Present Confinement: V.S.M. Varner Super Max

III. There is a written prisoner grievance procedure in the Arkansas Department of Correction and in your county jail. Failure to complete the grievance procedure may affect your case in federal court.

    A. Did you present the facts relating to your complaint in the state or county written prisoner grievance procedure?

        Yes ✓        No _____

    B. If your answer is YES, Attach copies of the most recent written grievance(s)/response(s) relating to your claims showing completion of the grievance procedure. **FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.** If copies are not available, list the number assigned to the grievance(s) and the approximate date it was presented.

    C. If your answer is NO, explain why not: _____

IV. Parties

(In item A below, place your name in the first blank and place your present address in the second blank.) Romie Brady, JR.

    A. Your Full Name: Zeckeya Perry et.al See attachment I
       Address: P.O. Box 600

(In Item B below, place the **full** name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

Do Not List Witnesses.

You may not name the jail as a Defendant. The jail is a building and cannot be sued.

B. Read carefully and fill out all information sought.

    <u>1. Defendant #1.</u>
    Full Name: Wendy Kelley
    Position: Director of A.D.C
    Place of Employment: Ark. Dept of Corr.
    Address: Central office P.O. Box 8707, Pine Bluff, AR 71611

-2-

**2. Defendant #2.**

Full Name: Marshall Reed

Position: Assistant Director of ADC

Place of Employment: Ark. Dep't of Corr.

Address: P.O. Box 8107, Pine Bluff, AR 71611

**3. Defendant #3.**

Full Name: Dexter Payne

Position: Assistant Director

Place of Employment: Ark. Dept. of Corr.

Address: P.O. Box 8107, Pine Bluff, AR 71611

**4. Defendant #4.**

Full Name: Rory Griffin

Position: Assistant Director

Place of Employment: Ark. Dept. of Corr.

Address: Pine Bluff, AR 71611 P.O. Box 8107

If you need more space for additional Defendants, list the additional Defendants on another piece of paper, using the same outline. See attachment I-II

V. At the time of the alleged incident(s), were you:
(check the appropriate blank)

___ in jail and still awaiting trial on pending criminal charges
✓ serving a sentence as a result of a judgment of conviction
___ in jail for other reasons (e.g., alleged probation violation, etc.)

Explain: Serving life without parole + 35 years - Capitol Murder and aggravated Robbery

Please provide the date of your conviction or probation or parole revocation:

8-23-13

Plaintiff #2. Damien Ford #143035, address- V.S.M P.O. Box 600, Grady, AR 71644

Plaintiff #3. Tomlin Nance #115853, address- V.S.M P.O. Box 600, Grady AR 71644

Plaintiff #4. Devin Scott #131042, address- V.S.M P.O. Box 600, Grady, AR 71644

Plaintiff #5. Romie Grady #100730, address- V.S.M P.O. Box 600, Grady, AR 71644.

Please be advised this suit will be brought as a class action and Plaintiffs may fluctuate, but these Plaintiffs named herein are Plaintiff representatives

Defendants (continued)

Defendant #5. Warden R. Watson, Ark. Dep't of Correction, Previously Varner/V.S.M unit, address, P.O. Box 600 Grady, AR 71644

Defendant #6. Warden Gibson, Ark. Dep't of Corrections, Warden at Varner/V.S.M address- P.O. Box 600 Grady, AR 71644

Defendant #7. Warden Emsweller, Ark. Dep't of Corrections, Previous warden at Varner/V.S.M unit, P.O. Box 600, Grady, AR 71644

Defendant #8. Warden Mclton, Ark. Dep't of Corrections, Previous warden at Varner/VSM unit, P.O. Box 600, Grady, AR 71644

Defendant #9. Warden Cashion, Ark. Dep't of Corrections, Previous warden at Varner/V.S.M unit, P.O. Box 600, Grady, AR 71644

Defendant #10. Warden Budnik, A.D.C., Previous warden at Varner/V.S.M unit P.O. Box 600, Grady, AR 71644

Defendant #11. Major Bolden, A.D.C., Previous chief of security at Varner Super Max P.O. Box 600, Grady, AR 71644

Defendant #12. Major R. Johnson A.D.C., Previous Chief of Security of V.S.M unit P.O. Box 600 Grady, AR 71644

Defendant #13. Major Claudia Harris, A.D.C., Previous chief of security of V.S.M unit P.O. Box 600 Grady, AR 71644.

attachment I

Defendant #14. Major Day, A.D.C. Previous Chief of Security of V.S.M. unit/Varner P.O. Box 400, P.O. Box 600 Grady, AR 71644

Defendant #15. Captain Stephens, ADC, V.S.M Commander, V.S.M unit. P.O. Box 600 Grady, AR 71644

Defendant #16. S.gt Brown, ADC, Property officer of V.S.M/Varner unit, P.O. Box 600 Grady, AR 71644

Defendant #17. Lt. Plumer, A.D.C. Shift Supervisor V.S.M. P.O. Box 600 Grady, AR

Defendant #18. Lt. Eosaw, ADC, Previous Shift Supervisor V.S.M. P.O. Box 600, Grady AR. 71644

Defendant #19. F. Washington, A.D.C. Classification officer. V.S.M unit. P.O. Box 600 Grady, AR 71644

Defendant #20. Captain Demery, A.DC, Varner Commander Varner unit P.O. Box 400 Grady, AR 71644

Defendant #21. Sgt. Foots, A.D.C, Zone Sgt. Previously, V.S.M P.O. Box 600 Grady, AR 71644

Defendant #22. Sgt. Spencer, A.D.C, V.S.M Sanitary officer, V.S.M unit P.O. Box 600 Grady, AR 71644

Defendant #23. Sgt. Dock King, Zone Sgt's, V.S.M unit P.O. Box 600 Grady, AR 71644

Defendant #24. Sgt. Pittman, Zone Sgt. V.S.M unit P.O. Box 600 Grady, AR 71644

Defendant #25. Jason Kelley, Health Service Administrator, Varner/V.S.M unit P.O. Box 600, Grady AR 71644

Defendant #26. Correct Care Solutions, Health Care Provider, V.S.M/Varner unit P.O. Box 600, Grady, AR 71644

Defendant #27. G. Thompson, library/Law library, Grievance Coor., V.S.M unit P.O. Box 600 Grady, AR 71644

Defendant #28. Mrs. Evans, library/law library, V.S.M unit P.O. Box 600 grady, AR 71644

Defendant #29. Felicia Pigee, library/library, Grievance Coor., V.S.M P.O. Box 600 grady, AR 71644

Defendant #30. Dr. Stringfellow, Dentist, C.C.S., Cummins/Varner/V.S.M

Attachment II

## VI. Statement of Claim

State every ground on which you claim that one or more of the Defendants violated your federal constitutional rights. For example, if you have an excessive force claim and a denial of medical care claim, you must fill out a separate section for each different claim. This section should be limited to the facts of your claim.

With respect to each claim, briefly describe the actions taken by each Defendant who you believe was involved in violating your rights. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. (Use as much space as you need. Attach extra sheets if necessary.)

<u>Claim Number # 1</u>:

Type of Claim (for example, excessive force, denial of medical care, etc.):

excessive confinement

Date of the Occurrence: See attachments 1 Statement of facts

Name of Each Defendant involved: See attachment

Describe the acts or omissions of the Defendant(s) that form the basis for Claim #1 and any harm caused by it.

See Statement of facts

With regard to Claim #1, are you suing Defendant(s) in his or her: (check the appropriate blank)

_____ official capacity only (An official capacity claim is the same as suing the governmental entity this Defendant works for and requires proof that a custom or policy of the governmental entity caused the alleged violation).

_____ personal capacity only (A personal capacity claim is one that seeks to hold an individual liable for his own actions taken in the course of his duties).

✓ both official and personal capacity

-4-

**If you are asserting an official capacity claim,** please describe the custom or policy that you believe caused the violation of your constitutional rights.

_____
_____
_____
_____
_____
_____
_____

**Claim Number # 2:**

Type of Claim (for example, excessive force, denial of medical care, etc.):
Denial of access to Media/News Paper

Date of the Occurrence: See attachments

Name of Each Defendant involved: See attachments Statements of facts

_____
_____
_____

Describe the acts or omissions of the Defendant(s) that form the basis for Claim #2 and any harm caused by it.
See attachments
_____
_____
_____
_____
_____

With regard to Claim #2, are you suing Defendant(s) in his or her: (check the appropriate blank)

_____ official capacity only (An official capacity claim is the same as suing the governmental entity this Defendant works for and requires proof that a custom or policy of the governmental entity caused the alleged violation).

_____ personal capacity only (A personal capacity claim is one that seeks to hold an individual liable for his own actions taken in the course of his duties).

✓ both official and personal capacity

-5-

**If you are asserting an official capacity claim,** please describe the custom or policy that you believe caused the violation of your constitutional rights.

See attachment

**Claim Number # 3:**

Type of Claim (for example, excessive force, denial of medical care, etc.):

Unlawful seizure of Property

Date of the Occurrence: See attachment

Name of Each Defendant involved: See attachment

Describe the acts or omissions of the Defendant(s) that form the basis for Claim #3 and any harm caused by it.

See attachment statement of facts

With regard to Claim #3, are you suing Defendant(s) in his or her: (check the appropriate blank)

_____ official capacity only (An official capacity claim is the same as suing the governmental entity this Defendant works for and requires proof that a custom or policy of the governmental entity caused the alleged violation).

_____ personal capacity only (A personal capacity claim is one that seeks to hold an individual liable for his own actions taken in the course of his duties).

✓ both official and personal capacity

-6-

**If you are asserting an official capacity claim,** please describe the custom or policy that you believe caused the violation of your constitutional rights.

_____
_____
_____
_____
_____
_____

If you need more space for more claims, list the additional claims on another piece of paper, using the same outline.

VII. **Relief**

If you are seeking to recover damages from the named Defendants, check the appropriate blank or blanks below for the type or types of damages that you are seeking:

✓ Compensatory damages (designed to compensate persons for injuries, such as physical pain and suffering, etc., that are caused by the deprivation of constitutional rights)

✓ Punitive damages (designed to punish a defendant for engaging in misconduct and deter a defendant and others from engaging in such misconduct in the future)

State briefly below any other relief you are seeking in this action. Make no legal arguments. Cite no cases or statutes.

_____
_____
_____
_____
_____

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed this 18 day of October 20 17.

Z. Perry / R. Grady, #100730
Printed Name of Plaintiff

[Signature] 
Signature of Plaintiff

Romie Grady Jr. #100730
Signature of Plaintiff
11-6-17

-7-

## CLASS 1- Claims: Excessive Confinement, Denial of access to Media/Newspaper, Unlawful Withholding of Personal Property

### Statement of facts

Wendy Kelley, Dexter Payne, Marshall Reed, Warden R. Watson, Warden Gibson, Warden EmSweller, Warden T. McHan, Warden Cashion, Major Johnson, Major Bolden, Major C. Harris, Captain Stephens, Lt. Plumer, Lt. Easaw, F. Washington, Sgt. Foots, Sgt. Dock King, Sgt. Pittman, Sgt. Brown, Ms. Evans, Sgt. Spencer, F. Piggee, and Captain Demery, Gloria Thompson violated the Plaintiffs (and V.S. Inmates similarly situated) 1st, 5th, 8th, 14th amendment rights, and State created liberty interests resulting in excessive confinement, denial of access to Media/Newspaper, and unlawful withholding of Property.

The State acknowledged that a question of Propriety rises in light of the Injunction which established the thirty (30) day limit on Punitive isolation. The State (with guidance from U.S. Supreme Court decisions) established a due process Procedure to Protect inmates serving multiple Punitive isolation sentences from cruel and unusual Punishment. This Procedure has been established since 1979, addressed to the Director of A.D.C. at the time (A.L. Lockhart), who subsequently included the Procedure and limitations into its Administrative Directives.

(See ex. 1-2) Ark. Op. Atty. Gen. No. 79-4 clearly set forth the Procedures to be followed when disciplinary charges are brought against an inmate while he is in Punitive isolation for another offense and says in Part:

"....However, in light of the confinement language utilized by the Court of Appeals, we suggest that after an inmate has been in Punitive isolation for thirty (30) days (under either one sentence or several) he should be removed from Punitive isolation for at least a short period of time, Probably at least one day, before he is returned to serve the following sentence or sentences."

Ark. Op. Atty. Gen. No. 79-4. A.D. 16-20 (III)(C)(1)(see ex. 44,45) says in Part:

"Inmates may be confined to Punitive segregation for a period up to thirty (30) days.. Inmates serving consecutive Punitive isolation sentences will receive a forty-eight (48) hour relief at the end of each thirty (30) day sentence.

AD-16-20 (III)(C)(1)

Inmates serving punitive isolation have a different standard that grants access to media/newspapers as well. (See ex. 40) AD 16-20 (III)(A)(2) says:

"During their (48) forty-eight hour relief, inmates will be allowed to receive the two (2) most current newspapers and magazines on a one-for-one exchange basis."

AD 16-20 (III)(A)(2). Inmates also have liberty interest pertaining to access to personal property. (See ex. 45) AD 16-20 (III)(C)(1) says in part:

"...Inmate privileges as previously outlined in this policy will be restored during the forty-eight (48) hour relief period and will be restricted again at the beginning of the next punitive sentence...

...

...Inmate personal property privileges as previously outlined in paragraph A(9) of this policy will remain in effect."

AD 16-20 (III)(C)(1). The personal property clause in the policy clearly states, only when in isolation inmates are restricted property. So on 48 hour relief property should be issued. (See ex. 41) AD 16-20 (III)(A)(9) states in part:

"...While residing in punitive segregation, the inmate will only be allowed to have the following items, contingent upon good security."

AD 16-20 (III)(A). All above named Defendants has violated A.D.C. policy, by failing to remove inmates out of punitive isolation during 48 hour relief, and return them to serve the next sentence, denying inmates access to newspapers and personal property.

Plaintiff Z. Perry was not removed from punitive isolation during relief periods dated 8-25-16, 8-26-16, 9-25-16, 9-26-16, 10-27-16, 10-27-16, 11-27-16, 11-28-16, 12-27-16, 12-28-16, 1-27-17, and 1-28-17. Z. Perry served punitive isolation days from 7-28-16 - 2-9-17 which is 199 days (169 days over the 30 day limit). Z. Perry was not issued a newspaper, personal property, and subjected to inadequate supervision and unsanitary conditions. (See ex. 154) During his confinement in punitive isolation he was deprived of haircuts and shaves. (See ex. 188) While serving punitive time Z. Perry suffered mental deterioration and started hearing voices. (See ex. 174) Director Dexter Payne responded to grievances stating:

"After reviewing all supporting documentation, I have determined that I concur with the Warden's response of having no merit. I am unable to substantiate your claims that policy and procedure were violated."

(See. ex. 66-84). According to this response this issue is fully exhausted according to the P.L.R.A and Fed.Civ.Proc.

Plaintiff D. Ford was not removed from punitive isolation during the relief periods dated 8-24-16, 8-25-16, 9-25-16, 9-26-16, 11-27-16, 11-28-16, 12-27-16, 12-28-16, 1-27-17, 1-28-17, 2-27-17, 2-28-17, 3-30-17, 3-31-17, 5-1-17, and 5-2-17. D. Ford served 230

attachment 2

days. (200 days over the 30 day limit) In punitive isolation. D. Ford was not issued a newspaper, nor his personal property. He also was deprived of legal and religious books that was in his personal property. (See ex. 84-90, ex. 151-153). Director Dexter Payne responded to grievance V.SM17-01263 stating:

"Based on the above statement and my review, I find no merit to your complaint."

(See ex. 151) Grievance VSM17-01263. With this response this issue is fully exhausted according to P.L.R.A and Fed.Civ.Proc.

Plaintiff T. Nance was not removed from punitive isolation during the relief periods dated 11-22-16 and 11-23-16. Served punitive isolation days from 10-11-16 - 2-3-17 without being removed and returned which is over 100 days. T. Nance was not issued a newspaper, nor his personal property. (See ex. 91) Director Dexter Payne responded to grievance # VSM16-04037 stating:

"After reviewing all supporting documentation, I have determined that I concur with the Warden's response of having no merit. I am unable to substantiate your claims that policy and procedure were violated."

(See ex. 91) grievance # VSM16-04037. With this response this issue is fully exhausted according to P.L.R.A and Fed.Civ.Proc.

Plaintiff D. Scott was not removed from punitive isolation during the relief periods dated 2-9-17, 2-10-17, 3-12-17, 3-13-17, 4-12-17, 4-13-17 and returned to serve the next punitive sentence. D. Scott served over 97 days. D. Scott was never issued a newspaper, nor his personal property. While in punitive isolation D. Scott suffered sleep deprivation from being housed around mentally ill inmates who bang on toilets who bang on purpose to intentionally keep other inmates awake (see ex. 18). Also while serving punitive isolation days D. Scott was subjected to inadequate staff and unsanitary conditions. (See ex. 184). Director Dexter Payne responded and denied grievance #'s VSM17-00584, VSM17-00037, and VSM17-01267 stating:

"Based on my review and the above statement, I find no merit to your complaint."

(See ex. 95-106). With this response this issue is fully exhausted according to P.L.R.A and Fed.Civ.Proc.

Plaintiff R. Grady was not removed from punitive isolation during the relief periods dated 4-19-15, 4-20-15, 5-20-15, 5-21-15, 6-20-15, 6-21-15, 7-21-15, 7-22-15, 8-21-15 and 8-22-15. Served punitive days from 3-20-15 to 9-20-15, but was not removed out until 10-13-15. He advised classification that he was being held past his release date from punitive and they all laughed while he cried suffering humiliation. R. Grady was never issued a

attachment 3

newspaper, nor his personal property. [See ex. 101-116] Director Marshall Reed responded to grievance # VSM15-04589, VSM15-0475, and VSM15-04798 and stated:

"After reviewing all supporting documentation, I have determined that I concur with the warden's response of having no merit. I am unable to substantiate your claims that policy and procedures were violated."

[See ex. 101-116] With this response this issue is fully exhausted according to the P.L.R.A. and Fed. Civ. Proc.

### Injuries

Plaintiffs suffered the loss of liberty during the unconstitutional confinement in punitive isolation after the 30 day limitation, which resulting from the named defendants refusal to remove plaintiffs from punitive isolation during the relief period and returning returning them to deserve the next punitive sentence. Without a proper 48 hour relief the named defendants confined the plaintiffs more than 30 days for one punitive sentence.

Plaintiffs suffered injuries to the quality of life, due to the named defendants refusal to issue a Newspaper and personal property, unsanitary conditions, inadequate staff supervision resulting in loss of privileges.

Plaintiffs suffered sleep deprivation, humiliation, mental and psychological deterioration.

### Legal Claims

The Defendants named herein in this class action are being sued in their official and individual capacity for the violations of the rights of the plaintive class under the 1st, 5th, 8th, 14th amendment to the United States and Ark. state laws as following.

### Deliberate Indifference

The deliberate indifferent actions of Wendy Kelley, Dexter Payne, Marshall Reed to show callous disregard the Plantive's wellbeing, confinement and quality of life, also state created liberty interest (AD16-201) by after being informed through the grievance procedure of unconstitutional confinement beyond the 30 day limit, denial of access to Newspapers, and Personal Property, and failing to remedy the wrongful acts, insufficiently supervising subordinate wardens, majors, and captains, Lt's, Property Officers, and classification who deprived plaintiffs of rights, and also exhibiting deliberate indifference by failing to stop unconstitutional customs and practices utilized by Varner Supermax while clearly knowing the correct procedures involving inmates serving multiple punitive sentences. The inaction of those named defendants

attachment 4

resulting in the excessive confinement of the Plantives over the 30 day limit, denial of a correct 48 hour relief which their actions violated the 1st, 5th, 8th, and 14th amendment U.S.C as well as Ark. State claims Art. 288" Police officers have duty under Due Process clause to ensure safety and well being of those in their custody. Causing the Plantives to endure loss liberty, loss of quality of life and privileges, emotional distress, and excessive confinement.

    Warden Watson, Warden Cashion, Warden Ensweiler, Warden T. McHan, Warden Gibson, Warden Budnik, Major Harris, Major Johnson, Major Bolden, Captain Stephens, Lt. Plummer, Lt. Ereau, Sgt. Foots, Sgt. Spencer, Sgt. Dock King, Sgt. Pittman, F. Piggee, G. Thompson, Ms. Evans, Sgt Brown, and Classification officer F. Washington showed callous disregard to Plantives well being, liberty, confinement, and quality of life and State created liberty interests (ADC G-2016) encouraging unconstitutional customs and practices of denying inmates a correct 48 hour relief period, by failing to remove Plantiffs out of punitive isolation during relief period when serving multiple punitive isolation sentences, denying news papers/media, and denying personal property during relief period. Deliberately denying to remove inmates from punitive isolation during relief periods, all named named defendants subjected the Plantives to be confined over the 30 day limit resulting in excessive confinement in violation of 8th and 14th amendment of U.S.C. The named defendants deliberate actions of denying inmates of access to medical/news papers during relief periods violated inmates/Plantives 1st amendment rights. The deliberate actions of all named defendants of denying personal property, religious materials, and law materials during relief period violated Plantiffes 1st, 8th, amendment rights. All named defendants deliberately fail to properly train, supervise, enforce, and obey the proper procedures set in places to protect Plantives constitutional rights and as well as Ark. state tort claims Art. 288" Police officers have a duty under Due Process clause to ensure the safety and well being of those in their custody. All defendants named herein are all involved in the operations of Punitive isolation, and has caused loss of liberty, loss to the quality of life, emotional distress, and excessive confinement.

### Relief Requested

Wherefore Plantiffes request the court grant the following relief.

attachments

## Injunction Relief

Issue a injunction stating that:

Varner/Varner SuperMax and all defendants obey the Constitutional limitation of 30 days confinement in Punitive isolation, and Properly obey and train staff on the Proper Procedures that Protect inmates from cruel and unusual punishment as stated in Ark. Op. Atty. Gen. No. 79-4 and AD-16-20. Plantiffs demand that Varner/Varner SuperMax remove inmates from Punitive isolation who has done serve 30 consecutive Punitive isolation days, for 48 hours, issue Newspapers, and Personal Property, and then return them to serve the next Punitive sentence(s), as Stated in Ark.Op.Atty.Gen.No.79-4 and AD16-20.

## Damages

Please be advised only the named Plantives representives seeks damages.

1. Plantiff Z. Perry Seeks individual Compensatory damages of $50,000 from all defendants for the loss of liberty and damage to the quality of life.

2. Plantiff D. Ford Seeks individual Compensatory damages of $40,000 from all named defendants for loss of liberty and damage to the quality of life.

3. Plantiff T. Nance Seeks Compensatory damages of $20,000 from all defendants for the loss of liberty and damage to the quality of life.

4. Plantiff D Scott Seeks individual Compensatory damages of $25,000 from all defendants for the loss of liberty and damage to the quality of life.

5. Plantiff R. Grady Seeks individual Compensatory damages of $55,000 from all defendants for the loss of liberty and damage to the quality of life

## Punitive damages

1. Z. Perry Seeks $21,801 against Wendy Kelley, Dexter Payne, Marshall Reed, Warden Watson, Warden Gibson, Warden Emsweller, Warden T. McHan, Major Harris, Major Johnson, Captain Stephens, Sgt Brown, Sgt. Dock King, Sgt Pittman each.

2. D. Ford seeks $25,800 against Wendy Kelley, Dexter Payne, Marshall Reed, Ward Cashion, Warden T. McHan, Major Harris, Captain Stephens, F. Washington, Sgt Spencer, Sgt Brown each

attachment 6

3. T. Nance seeks $1,346 against Wendy Kelley, Dexter Payne, Warden Watson, Warden Emsweller, Major C. Harris, Warden T. McHan, Captain Stephens, and Sgt. Brown each.

4. D. Scott seeks $9,000 against Wendy Kelley, Dexter Payne, Warden Cashion, Warden T. McHan, Warden Emsweller, Major C. Harris, Mrs. F. Washington, Sgt. Brown, Captain Stephens, F. Piggee, G. Thompson, and Ns. Evans each.

5. R. Grady seeks $23,220 against Wendy Kelly, Marshall Reed, Warden Watson, Warden Budnik, Major Bolden, Captain Stephens, Lt. J. Plumer, Lt. Easaw, Sgt. Foots, and F. Washington each.

Grant such other relief as it may appear that the Plantiffs are entitled to:

1. The Plantiffs demand a Jury trial
2. Court Costs, legal fees, and expenses during litigating this case.

Pursuant to 28 U.S.C. §1746. I declare under penalty of perjury that the foregoing is true and correct.

10-18-17 date

Z. Perry
Print name

_____
Signature

R. Grady #100730
Print Name

Romie Grady JR. #100730
Signature of Plaintiff    date: 11-6-17

attachment 1