# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROMIE GRADY                                                                                    PLAINTIFF
ADC #100730

v.                                              5:17cv00273-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction; *et al.*                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Romie Grady ("Plaintiff"), an inmate at the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 6.) He alleges Defendants, ADC and Varner Supermax officials, violated his Eighth and Fourteenth Amendment rights by subjecting him to excessive confinement in punitive isolation.[1] (Doc. No. 6 at 10-16.) Plaintiff seeks compensatory and punitive damages as well as injunctive relief. (*Id.* at 9, 15-16.)

The remaining Defendants are Christopher Budnik, Kennie Bolden, James Plummer, Phillip Easaw, Flora Washington, and Cedric Foots. They have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on Plaintiff's claims. (Doc. Nos. 68-70.) Plaintiff has responded (Doc. Nos. 74-75), and Defendants have replied (Doc. No. 77). This matter is now ripe for a decision. After careful review, and for the following reasons, I find summary judgment is appropriate and Plaintiff's claims should be DISMISSED.

---

[1] Additional claims stated in Plaintiff's Amended Complaint were previously dismissed without prejudice. (Doc. Nos. 10-11, 59, 61.)

## II.   FACTS

Plaintiff was found guilty of six major disciplinaries in March 2015 and was sentenced to serve thirty days in punitive isolation for each disciplinary. (Doc. Nos. 68-1 at 1, 70 at 4.) These sentences were served consecutively from March through September of 2015. (Doc. Nos. 68-1 at 1-2, 70 at 4.) According to Plaintiff's Amended Complaint, he was denied adequate forty-eight hour relief in between these consecutive thirty day periods in punitive isolation. (Doc. No. 6 at 12.) Specifically, he was not moved from his punitive isolation cell during his forty-eight hour relief periods. (*Id.*) Plaintiff alleges he suffered a loss of liberty and injuries to his quality of life. (*Id*. at 13.) He seeks an injunction requiring Defendants to "obey the constitutional limitation of 30 days confinement in punitive isolation," as well as compensatory and punitive damages. (*Id*. at 15-16.)

## III.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825

(8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

IV.   **ANALYSIS**

   A.   **Official Capacity Claims**

Plaintiff has sued Defendants in both their official and personal capacities. (Doc. No. 6 at 13.) His official capacity claims for money damages are barred pursuant to the doctrine of sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office and, as such, is no different from a suit against the state itself, which is barred by the Eleventh Amendment unless the state has waived its immunity); *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991) (the State of Arkansas has not waived its Eleventh Amendment immunity). Accordingly, I recommend Plaintiff's official capacity claims against Defendants for money damages be dismissed. To the extent Plaintiff seeks injunctive relief against Defendants in their official capacities, those claims should be dismissed on the basis that Plaintiff has failed to establish a constitutional violation, as discussed below.

   B.   **Personal Capacity Claims**

Defendants contend they are entitled to qualified immunity on Plaintiff's claims against them in their personal capacities. (Doc. No. 69 at 3.) Qualified immunity protects government

officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236). Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Id*. Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

The parties agree that Plaintiff is entitled to a forty-eight hour relief period in between successive thirty day periods in punitive isolation. Defendants have submitted Administrative Directive 12-24, the ADC's policy on punitive segregation and restriction that was effective in

2015. (Doc. No. 68-2.) According to the Directive, inmates may be confined to punitive segregation "for a period up to 30 days." (*Id*. at 7.) Additionally,

> Inmates serving consecutive punitive isolation sentences will receive a 48-hour relief at the end of each 30-day sentence. Inmate privileges as previously outlined in this policy will be restored during the 48-hour relief period and will be restricted again at the beginning of the next punitive sentence.

(*Id*.) The Varner Unit's policy on punitive segregation, VU 10.2.0, contains identical language. (Doc. No. 68-3 at 7.) The crux of Plaintiff's argument is that he was not given adequate forty-eight hour relief because he was not removed from his punitive isolation cell during each relief period before being returned to the cell for the start of the next punitive sentence. (Doc. No. 6 at 12.) He contends Defendants acted with deliberate indifference in subjecting him to "excessive confinement," in violation of his Eighth and Fourteenth Amendment rights. (*Id*. at 13-14.)

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the "minimal civilized measure of life's necessities." *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981)). The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner. *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). To establish deliberate indifference, the plaintiff must show the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety. *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

As Defendants point out, Plaintiff has not alleged his confinement in a punitive isolation cell deprived him of the minimal civilized measure of life's necessities or that it constituted an excessive risk to his health or safety. Instead, he summarily concludes the failure to remove him

from the cell during relief periods resulted in cruel and unusual punishment.  However, neither the Constitution nor ADC policy requires that an inmate be moved from one cell to another during a relief period.  Both Administrative Directive 12-24 and VU 10.2.0 describe forty-eight hour relief as a period in which "[i]nmate privileges . . . will be restored." (Doc. Nos. 68-2 at 7, 68-3 at 7.) Neither provides for the removal of an inmate from his cell during the relief period.  Defendant Washington, an ADC classification officer, affirms in her Declaration that ADC policy does not require removal from a punitive isolation cell during relief periods.  (Doc. No. 68-1 at 2.)  And Plaintiff has not pointed to any reason why it would be constitutionally required.  According to Defendant Washington's Declaration, inmates in punitive isolation are entitled to receive – and Plaintiff in fact did receive – three meals per day, a bed and mattress, adequate clothing, basic hygiene products, access to a restroom, and showers and shaves three times per week. (*Id*.)  Thus, Plaintiff cannot show his confinement in a punitive cell deprived him of the minimal civilized measure of life's necessities or that it constituted an excessive risk to his health or safety, especially during relief periods, when his privileges were restored.

In response, Plaintiff cites *Finney v. Hutto*, 410 F. Supp. 251, 278 (E.D. Ark. 1976), *aff'd*, 548 F.2d 740 (8th Cir. 1977), *aff'd*, 437 U.S. 678 (1978), which held that "the policy of sentencing inmates to indeterminate periods of confinement in punitive isolation is unreasonable and unconstitutional." (Doc. No. 74 at 2.) The district court in *Finney v. Hutto* found that, under the conditions that existed in Arkansas prisons at the time, "a maximum sentence of thirty days is permissible."[2]  *Id*.  Plaintiff interprets this to mean he must be removed from his punitive isolation

---

[2] I note this limitation was based largely on the Court's finding that conditions in punitive isolation were unconstitutional.  Indeed, in affirming the district court's imposition of a time limit, the United States Supreme Court noted it was "abundantly clear that the length of isolation sentences was not considered in a vacuum."  437 U.S. at 685.  Instead, "[t]he length of time each inmate

7

cell after thirty days. But his argument ignores the fact that an inmate on forty-eight hour relief is not subject to punitive conditions; that he remains in the same cell does not mean he remains in punitive confinement. Plaintiff has not identified any difference between punitive isolation cells and general population cells that would make his continued confinement in a punitive isolation cell unconstitutional.

To the extent Plaintiff alleges the failure to remove him from his punitive isolation cell during relief periods also constituted a Fourteenth Amendment violation, he is mistaken. The United States Supreme Court has recognized that states may, under certain circumstances, create liberty interests which are protected by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (citing *Board of Pardons v. Allen*, 482 U.S. 369 (1987)). "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484 (internal citations omitted). Because ADC policy does not require the removal of an inmate from a punitive isolation cell during relief periods, it cannot be said that the state has created a liberty interest in removal. Even if it had, the failure to move an inmate to another cell could not be considered "a dramatic departure from the basic conditions" of confinement. *Id*. at 485. Because forty-eight hour relief entails the restoration of privileges, it is the very definition of the "basic conditions" of confinement.

Defendants acknowledge they have no records to show Plaintiff received forty-eight hour relief in August 2015, before his six consecutive thirty day sentences concluded in September.

---

spent in isolation was simply one consideration among many," and the time limit "might well have been unnecessary" had earlier orders to remedy conditions been heeded. *Id*. at 687.

8

(Doc. Nos. 68-4 at 1, 69 at 5.) To the extent the failure to restore his privileges during this time conflicted with ADC policy, Plaintiff cannot state a claim on that basis. *See, e.g.*, *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (there is no § 1983 liability for violating prison policy). Nor can Plaintiff show a violation of his Eighth or Fourteenth Amendment rights. As discussed above, Plaintiff has not alleged he was denied the minimal civilized measure of life's necessities while confined in punitive isolation, nor has he identified an excessive risk to his health or safety. Defendants' evidence shows he was provided what the Eighth Amendment requires for "humane conditions of confinement" – specifically, "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. (Doc. No. 68-1.) Moreover, sixty consecutive days in punitive isolation, even without a forty-eight hour relief period after thirty days, does not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) ("We have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*."); *see also Ballinger v. Cedar Cty., Mo.*, 810 F.3d 557, 563 (8th Cir. 2016) (one year in administrative segregation did not give rise to liberty interest); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (ten days of disciplinary detention and ninety days in a maximum security cell, forty-five of which were served, did not constitute an atypical and significant departure from the basic conditions of confinement); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (fifteen days of the highest level of disciplinary detention, followed by 107 days in progressively less restricted disciplinary detention, did not constitute a dramatic departure from the ordinary incidents of prison life).

In sum, Plaintiff has not established his constitutional rights were violated, either by the failure to move him to a different cell during relief periods or by the failure to restore his privileges in August 2015. Therefore, Defendants are entitled to qualified immunity.

### C. State Law Claims

Plaintiff also alleges the denial of adequate forty-eight hour relief violated article 2, section 8 of the Arkansas Constitution, which he says places a duty on "police officers," under the due process clause, to "ensure the safety and well being of those in their custody." (Doc. No. 6 at 14.) Pursuant to 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a related state law claim if it has dismissed all claims over which it has original jurisdiction. Because Plaintiff's § 1983 claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over his state law claims. *See Am. Civil Liberties Union v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999) (explaining that when state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law as a matter of comity).

### V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 68) be GRANTED.

2. Plaintiff's remaining claims be DISMISSED WITH PREJUDICE, except that his state law claims be DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's cause of action (Doc. No. 6) be DISMISSED.

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations or the accompanying Judgment would not be taken in good faith.

DATED this 5th day of October, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE